Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7309 | **DATE** | 6/27/2001 |
| **CASE TITLE** | Northwestern University vs. The City of Evanston | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: The University pursuant to Federal Rule of Civil Procedure 72(a), objects to one part of an order entered by Magistrate Judge Edward A. Bobrick on May 3, 2001. For the foregoing reasons, we reverse the magistrate's order and allow the University to depose both the mayor and the city manager of Evanston.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | JUN 29 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 37 |
| | Mail AO 450 form. | | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 01 JUN 28 AM 9:08 | 6/27/2001 date mailed notice | |
| GL | courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORTHWESTERN UNIVERSITY,          )
                                  )
            Plaintiff,            )
                                  )
       v.                         )   No. 00 C 7309
                                  )
THE CITY OF EVANSTON,             )
                                  )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff, Northwestern University (the "University"), brought a declaratory judgment action against defendant the City of Evanston (the "City") pursuant to 42 U.S.C. § 1983, asking us to declare illegal the City's designation of the Northeast Evanston Historic District (the "Local Historic District") and to enjoin the City from enforcing the ordinance which created the Local Historic District (the "Designation Ordinance"). The University, pursuant to Federal Rule of Civil Procedure 72(a), objects to one part of an order entered by Magistrate Judge Edward A. Bobrick on May 3, 2001. As explained below, we reverse the magistrate judge's ruling as to the one issue.

### BACKGROUND

The University alleges that the City's designation of the Local Historic District is part of a pattern of conduct to circumvent the University's Charter rights.[1] Further, the University charges that the City has misused its authority to establish historic districts and targeted the University from the inception of the proceedings involving the consideration of an historic district in the City. The University seeks discovery on its claims of disparate treatment and focuses on the motives of the City's officials for enacting the Designation Ordinance. The City has filed a motion for a

---

[1] The University cites many actions taken by the City as evidence of this pattern in its complaint that are too lengthy to reproduce here. See Complaint, ¶¶ 32-38.

protective order contending, (1) that the motives of the City officials were not relevant and thus there should be no discovery on the issue of motive; and (2) that the deposition notices for the mayor and city manager of Evanston should be quashed. On May 3, 2001, Magistrate Judge Bobrick denied the City's motion for a protective order as to discovery on the issue of motive but granted the motion to quash the depositions of the mayor and the city manager. The University objects with respect to the section of the order quashing the deposition subpoenas for the mayor and city manager.

## ANALYSIS

A district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This standard means that the district court judge can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks*, 126 F.3d at 943.

The magistrate judge came to the conclusion that neither the mayor's nor the city manager's depositions would produce or could lead to relevant information concerning the passage of the Local Historic District. In reaching this conclusion, the magistrate judge relied on *Olivieri v. Rodriguez* for the proposition that busy public officials should not be burdened with discovery "unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir.1997). The University argues in its objection however, that in fact, both the mayor and the city manager do possess relevant information concerning the creation of the Local Historic District and the City's motivation for doing so. We agree.

2

We observe first that, in its Fed.R.Civ.P. 26 initial disclosures of people who are likely to have discoverable information in this case, the City listed the mayor as likely to possess information with respect to at least 12 of 14 subjects of discoverable information that it had identified as being relevant to the claims and defenses at issue in this litigation, and listed the city manager as likely to possess information with respect to all 14 subjects of discoverable information that it had identified as being relevant. While listing these two witnesses as likely to have discoverable information is not a guarantee that they possess any of the information sought by the University, it is reasonable to conclude that they could have some information that would likely "produce or lead to admissible evidence," and it is only fair to allow the University to seek this information through depositions.

### The Mayor

With regard to the mayor, we disagree with the magistrate judge's reasoning as to why her deposition would not be useful to the University. In his order, the magistrate judge found that since the mayor was against the Designation Ordinance and vetoed it, "we cannot see how her deposition would assist plaintiff in proving the motives for its passage." The University argues that the mayor's veto message is insufficient to understand her reasons for vetoing the Designation Ordinance. We agree.

The fact that the mayor vetoed the Designation Ordinance does not mean she possesses no information concerning the reasons for its passage. To the contrary, the reasons for its passage may be directly related to her reasons for her veto. The veto message itself says nothing about her knowledge of the city council's motivations for enacting the Local Historic District. She speaks generally of not wanting "to support a continuation of this animosity by signing an ordinance agreeable to some residents and much opposed by others."

The University contends that the mayor's veto was based on some knowledge of what the other city council members' motivations were for passing the Designation Ordinance. The City

3

suggests that the depositions of the three other alderman who opposed the passage of the Designation Ordinance make it clear that the mayor has no information as to the motivations of the other members of the city council for passing the Designation Ordinance. The City argues that because the mayor had no discussions with the three aldermen who also voted against the Designation Ordinance, the University has failed to present any evidence that the mayor had any conversations with city council members as to their motives. Because the mayor may not have had any discussions with these three aldermen regarding their motives does not mean she had no discussions with the other *six* aldermen who actually voted for the passage of the Designation Ordinance. What we, and likely the University, are curious about is the source of the animosity the mayor refers to in her veto statement, which can only be discovered through her deposition. While it is true that the University's allegations that "the Mayor is likely to have had numerous discussions with the City's aldermen concerning their reasons for passing the Ordinance" is not necessarily supported with any strong evidence, the University really has no way of knowing what information the mayor possesses until it asks her.

The magistrate judge did have the option of refusing to permit the University to depose the mayor or the city manager until the University submitted written interrogatories, the answers to which would indicate whether deposing the mayor and the city manager would serve a useful purpose. This was the solution the Court offered in *Olivieri*. *Olivieri*, 122 F.3d at 409. In *Olivieri*, the Court reminded the parties that Rule 26(c)(3) expressly authorizes the district court, in order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," to direct "that discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed.R.Civ.P. 26(c)(3); Id., at 408. But instead, the magistrate judge found that the mayor's veto message was sufficient to indicate that she was unlikely to provide useful information with regard to the motive of the City in passing the Ordinance and that

4

therefore, her busy schedule should not be interrupted and he quashed her deposition. For the reasons stated above, we believe this decision was in error.

### The City Manager

The magistrate judge found that the city manager "appears to simply implement the will of the city council, regardless of motives." Therefore, he concluded that there was "no indication that his deposition would be any more helpful than that of the mayor." We disagree.

The University argues that the city manager may have relevant information due to his involvement in the preparation of a memorandum tracing the history of past negotiations between the City and the University relating to the City's effort to extract revenues from the University and to bypass the University's tax-exempt status. The University alleges in its complaint that the City's failure to extract such revenues is one motive for the passage of the Ordinance. As observed above, the City admitted that the city manager was likely to possess discoverable information in connections with all 14 subjects of discoverable information set forth in its Initial Disclosures. More importantly, the city manager, as the one who prepared or caused to be prepared this memo, and as the one who implements all directions from the city council, could have information regarding motives of the city council members relating to the passage of the Designation Ordinance. Furthermore, as custodian of records for the City, the city manager is a proper source for inquiry into "the existence, description, nature, custody, condition and location of any books, documents, or other things" related to the claims and defenses in this litigation. Fed.R.Civ.P. 26(a)(1). While we are unsure as to the extent of the city manager's knowledge of the information sought by the University, he is likely to have some information, and that is all that is needed to convince us of the need for his deposition. Again, the only way to discover what the city manager does or does not know is through his questioning. Therefore, it is appropriate that the University be allowed to depose him.

### "Busy" Schedules

We fail to see how the taking of either the mayor's or the city manager's depositions will cause any undue burden because of their "busy" schedules. *Olivieri* does not stand for the proposition that no public official's deposition can be taken because he or she is otherwise too busy performing their duties. It simply provides that before a deposition can be taken, there must be a showing that some relevant information will come out of that deposition, so as not to waste any time. We have already found that both the mayor and the city manager likely possess relevant information of the kind the University is seeking. And, while both the mayor and the city manager, like all public officials, presumably are busy performing their duties, we are confident that they both will be able to accommodate their schedules to allow the University to depose them at a time and in a place convenient to these public officials.

### CONCLUSION

For the foregoing reasons we reverse the magistrate's order and allow the University to depose both the mayor and the city manager of Evanston. It is so ordered.

Marvin E. Aspen, District Court Judge

Dated: 6/27/01